THE UNITED STATES FIRE INSURANCE COMPANY, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 765.  Argued May 4, 1931.—Decided March 10, 1932.

*José Sabater* for petitioner.  *Oscar Souffront* for plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Mayagüez Drug Company obtained judgment against the United States Fire Insurance Company.  After judgment the parties entered into a stipulation with regard to the payment of the judgment.  The first clause of the stipulation recited that the total amount to be paid by the U. S. Fire Insurance Co. was $13,500.  In the second clause the parties stated that certain attachments existed against the policy issued in favor of the Mayagüez Drug Company and that the U. S. Fire Insurance Company should deposit in court in favor of Lanman & Kemp, of New York City, the sum of $1,588.34 and the sum of $943.39 in favor of Brewer & Co., by virtue of an attachment obtained by attorneys Besosa & Be-

sosa in San Juan; that in accordance with this agreement the U. S. Fire Insurance Company had issued to the Mayagüez Drug Company checks as follows: one for $1,588.34 to cover the attachment of Lanman & Kemp; the second for $943.39 to cover the attachment of Brewer & Co. Inc., and the third for $10,968.27 which was the remainder of the policy at the disposition of the assured. In a third clause of the said compromise (sic) the Mayagüez Drug Co. through its attorney accepted the receipt of its check for $10,968.27 and agreed that the other two checks should be deposited in court to respond to the claims of the said two creditors, and that such claims should be settled by the said claimants or creditors with the Mayagüez Drug Co. and that the insurance company should be left free of any responsibility by virtue of the deposit so made.

Thereafter the Mayagüez Drug Company came into court and set up that the attachment obtained by Lanman & Kemp, Inc., was null and void and asked the court to so declare and that the check for $1,588.34 be turned over to the said Mayagüez Drug Company. The court so ordered and decreed.

The theory of the Mayagüez Drug Company and of the court. below apparently were that no attachment of the proceeds of the policy could be obtained by a writ of garnishment issued in New York City. It transpired that Lanman & Kemp, Inc., did in point of fact obtain a garnishment against the U. S. Fire Insurance Company in the City Court of New York and that the Mayagüez Drug Company knew of it. We are entirely agreed with the court that the attachment obtained in New York City had by itself no effective force in Puerto Rico, but that is not the question in this case.

The U. S. Fire Insurance Company by virtue of the attachment in New York City became responsible to Lanman & Kemp, Inc., for the amount of the garnishment. It would seem that a judgment issued in the case against the U. S. Fire Insurance Company for the said amount. At least there was a claim or an attachment against the U. S. Fire Insurance

Company in New York. This being so, the U. S. Fire Insurance Company had a right to hold in abeyance the amount for which it had been garnished in New York. Whether these facts are true or not, it makes no difference in this case, because both parties agreed that the amount should be so deducted or that it was to be deposited in court and the stipulation required that the Mayagüez Drug Co. should make the settlement with Lanman & Kemp, Inc. The theory of the stipulation was that the U. S. Fire Insurance Company should be relieved of all responsibility. The stipulation or compromise was the law of this case.

It is conceded in this case that the claim of Brewer & Co. was attached in San Juan and settled between the Mayagüez Drug Company and Brewer & Co. Except that Lanman & Kemp did not attach in San Juan, their case is not distinct. A debtor may be attached in any jurisdiction where he is found and no doubt could arise in this case that the U. S. Fire Insurance Company was a debtor in the sum of $13,500, and that of this amount the sum of $1,588.34 was garnished in New York and the insurance company became subject to a suit therefor. It therefore makes no difference that Lanman & Kemp had not obtained attachment in Puerto Rico. The Mayagüez Drug Company by stipulation accepted the claim of Lanman & Kemp and agreed to settle with them.

Legally, of course, the U. S. Fire Insurance Co. was bound to settle to Lanman & Kemp, but the object of the stipulation between the parties was that the Mayagüez Drug Company should relieve the U. S. Fire Insurance Company of this duty or responsibility. The duty of the Mayagüez Drug Company in the case of Lanman & Kemp is exactly the same as it was in the case of Brewer & Co., and they can take the same, similar or other means for settling the claim of Lanman & Kemp.

The order of the District Court of Mayagüez of March 20, 1931, should be annulled.